A. S. MARTIN, LEONARD FLINT and EMILY EMORY *v.* I. B. PALMER.

May Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed August 30, 1900.

*Bill in equity—Signature by orator's solicitor sufficient*—A signature by the orator's solicitor is a sufficient signature to a bill to foreclose a mortgage.

*Decree dismissing bill of foreclosure—Appeal without permission of court—V. S. 981*—Although no appeal can be taken from a decree for the foreclosure of a mortgage without permission of the court, an appeal from a decree dismissing a bill of foreclosure may be taken without such permission.

CHANCERY. Heard on bill and motion to dismiss, Orange County, December Term, 1899, *Munson*, Chancellor. Decree rendered dismissing the bill. The orator appealed. The appeal was filed as of course.

*John W. Gordon* for the orators.

*R. M. Harvey* for the defendant.

WATSON, J. The bill of complaint was brought to foreclose a mortgage, and it was signed by the orators' solicitor, but not by the orators. The defendant moved to dismiss the bill for that there was no signature of the orators thereto. The motion was granted, and the cause is here upon appeal therefrom.

The bill is usually drawn by the orators' solicitor, and he is responsible for its contents. If it contains matter criminal, im-

pertinent, or scandalous, such matter may be expunged, and the solicitor ordered to pay costs; and, from an early time, the general rule of practice has been imperative that the signature of counsel must be subscribed thereto.

It was declared by Lord Eldon that such signature of counsel is to be regarded as a security that, judging from written instructions laid before him of the case of the defendant as well as of the plaintiff, there appeared to him, at the time of framing the bill, good ground of suit. Mit. & Ty. Eq. Pl. & Pr. 145; 1 Dan. Ch. Pl. & Pr. 357. And so it is regarded under the chancery practice in this State (Chancery Rule 8), and in the Federal Courts. Equity Rule 24.

A party may sue in person and so be his own solicitor, in which event only, the practice requires that his signature be subscribed to the bill. 1 Hoff. Ch. Pr. 97.

The decree was not for the foreclosure of a mortgage, and, therefore, the orators could take an appeal without permission of the court therefor. V. S. 981.

*Decree reversed, and cause remanded with mandate that the motion to dismiss be overruled, and bill adjudged sufficient.*